# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RICHARD H. GOLDSTEIN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 14-cv-02189 (APM) |
| ) | |
| TREASURY INSPECTOR GENERAL ) | |
| FOR TAX ADMINISTRATION, ) | |
| ) | |
| Defendant. ) | |

## ORDER

Before the court is Plaintiff Richard H. Goldstein's Motion for Reconsideration and Request for Judicial Notice, ECF No. 78 [hereinafter Pl.'s Mot.]. Pursuant to Federal Rule of Civil Procedure 59(e), Plaintiff asks the court to reconsider the portion of its Memorandum Opinion, issued on September 29, 2017, which reaffirmed, under Rule 60(b), the court's earlier ruling on summary judgment that the records at issue in this case—investigative files concerning the conduct of two IRS investigators—are subject to FOIA Exemption 6. *See id.* at 1; *see also* Mem. Op. & Order, ECF No. 35, at 13–19 (concluding that the contents of Defendant's investigative files were exempt from disclosure under Exemption 6); Mem. Op., ECF No. 75, at 6–8, 13–15 (denying Plaintiff's Rule 60(b) motion for relief from the court's earlier partial entry of summary judgment in favor of Defendant).

Plaintiff offers two reasons for the court to reconsider its prior decision. First, he contends, since this court's decision, the IRS withdrew its assertion of Exemption 6 as to IRS employees' time records in a different FOIA matter, *Crestek v. IRS*, Case No. 1:17-cv-00200 (D.D.C.), thereby changing the public-private balance calculus in this case. *See* Pl.'s Mot., Mem. of Authorities,

ECF No. 78-1, at 5–7. Second, he submits a new 42-page declaration (including exhibits) from a former employee of the IRS's whistleblower office, Robert Gardner, which he asserts bolsters the public interest in the investigative records at issue. *See id.* at 7–9; *see also* Pl.'s Mot., Suppl. Decl. of Robert B. Gardener, ECF No. 78-2. Neither ground warrants reconsideration of the court's Rule 60(b) ruling.

First, the decision of the IRS—which is not a party in this case—to withdraw its assertion of Exemption 6 in another case about unrelated records does not constitute an intervening change in controlling law or the kind of new, material evidence that merits altering the court's decision. *See Leidos, Inc. v. Hellenic Republic*, 881 F.3d 213, 217 (D.C. Cir. 2018). Nor does the IRS's change in position demonstrate clear error in the court's opinion. *See id.* Simply put, the IRS's decision in *Crestek* does nothing to alter the court's conclusion that Exemption 6 applies to the records in this case.

Second, the proffered Gardner Declaration both raises factual matters that Plaintiff previously could have raised and recycles arguments about the public interest that the court already has rejected. A Rule 59(e) motion cannot be used "to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Id.* (quoting *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 486 n.5 (2008)). Therefore, the Gardner Declaration offers no reason for the court to reconsider its Rule 60(b) ruling.

Finally, an intervening decision of the D.C. Circuit only confirms what the court held in this case. In *Bloomgarden v. U.S. Department of Justice*, the D.C. Circuit held that Exemption 6 shielded from disclosure a letter of termination issued to an Assistant United States Attorney. *See* 874 F.3d 757 (D.C. Cir. 2017). In holding that the lawyer's privacy interests in the letter outweighed the public interest, the court observed that "[t]he aspect of the letter that most concerns

us is that it contains mere allegations; it was never tested, nor was it ever formally adopted" by agency management. *Id.* at 761. So it is here. The Gardner Complaint, and the resulting investigative files, relate to allegations of possible wrongdoing. Nothing more. Accordingly, the privacy interests of those to whom the files pertain outweigh the public interest in their disclosure.

    For the foregoing reasons, Plaintiff's Motion for Reconsideration, ECF No. 78, is hereby denied. This is a final, appealable Order.

Dated: June 25, 2018

Amit P. Mehta
United States District Judge